**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4724**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRONSON JERMAINE GAINEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00336-WO-1)

Submitted:  March 30, 2020                                             Decided:  April 21, 2020

Before GREGORY, Chief Judge, RICHARDSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Greensboro, North Carolina, Federal Public Defender, Ames Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bronson Jermaine Gainey appeals from the sentence imposed pursuant to his revocation of supervised release. The district court imposed a sentence of 22 months in prison, followed by 14 months of supervised release. On appeal, Gainey contends that his sentence was substantively plainly unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To consider whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is unreasonable. *Id.* Only if the sentence is procedurally or substantively unreasonable must the court determine whether it is plainly so. *Id.* at 208; *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

A revocation sentence is procedurally reasonable when the district court considers the Chapter Seven policy statements and applicable 18 U.S.C. § 3553(a) (2018) factors and adequately explains the sentence imposed. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(d) (2018) (listing relevant factors). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Slappy*, 872 F.3d at 207. "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

2

Initially, although the parties do not raise the issue, we have confirmed that the sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Turning to the substantive reasonableness of the sentence, Gainey asserts that he presented sufficient mitigating circumstances to justify a shorter sentence. Specifically, Gainey points to his drug treatment and his employment. However, Gainey admitted that he missed appointments and meetings with regard to his drug counseling and did not stay employed at any one place for very long.

Gainey's sentence, which was within the policy statement range, was presumptively reasonable. Moreover, the district court stated several bases to justify the imposed sentence, including the need to protect the public, the serious nature of Gainey's violations, the need for deterrence, and Gainey's nearly immediate failure to abide by his supervision requirements. We find that these bases were sufficient to render the sentence substantively reasonable and that Gainey's mitigating circumstances were insufficient to rebut the presumption of reasonableness.

Thus, we affirm Gainey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*